[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-11601
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00087-CR-CB-1-004

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK LAVON PHALO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

(October 21, 2005)

Before CARNES, MARCUS and RONEY, Circuit Judges.

BY THE COURT:

Peter J. Madden, appointed appellate counsel for Derrick Lavon Phalo in

this direct criminal appeal, has moved to withdraw and filed a brief pursuant to

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967).

Counsel's motion and brief indicate that they were served upon Phalo. The clerk's office also notified Phalo of his right to respond to the motion. Phalo has not responded.

Phalo entered into a written plea agreement with the government, agreeing to plead guilty to one count of a fourteen-count indictment: conspiracy to possess with intent to distribute more than 1.5 kilograms of crack cocaine, 21 U.S.C. § 846 (Count 1). At the change-of-plea hearing, Phalo, under oath, stated that he was not under the influence of drugs or alcohol, had discussed the charges and the case with his attorney, and was satisfied with his attorney's representation and advice. The court explained to Phalo that he could not withdraw his plea if he was not satisfied with the court's sentence. Phalo stated that he understood and that no one had forced or coerced him to sign the agreement. The court informed Phalo that by pleading guilty he would lose his right to vote, hold public office, serve on a jury, and possess firearms. The court stated that the range of punishment included a mandatory minimum custody sentence of 10 years' imprisonment without parole up to a maximum of life imprisonment without parole, a possible $4 million fine, five years of supervised release, and a $100 special assessment. Phalo acknowledged that he had discussed the sentencing guidelines with his attorney and understood how they applied to his case. Phalo acknowledged that his guilty plea was freely and voluntarily made.

Phalo stated, as provided by the plea agreement, that he was willing to waive his right to appeal unless the court sentenced him above the statutory maximum, or upwardly departed, or if he had an ineffective assistance of counsel claim. The plea agreement contained broad appeal waiver language as follows, "In exchange for the recommendations made by the United States in this agreement, the defendant knowingly waives the right to appeal any sentence imposed herein."

At sentencing, Phalo argued that he was entitled to a minor role reduction because he did not deal as much crack cocaine as his co-conspirators and he was due to receive a lighter sentence. After hearing testimony on the issue, the court denied Phalo's motion, determining that there was nothing distinguishable about his involvement from anyone else. Phalo objected to the assessment of two criminal history points, contending that there was a five year gap between his juvenile record and his involvement in this conspiracy. But the court denied the objection because the basis was not sufficient to warrant removal of the points. The court sentenced Phalo to 151 months' imprisonment, recommending that the Bureau of Prisons house him where he could receive drug treatment, followed by five years' supervised release, and imposed a $100 fine.

Phalo filed a *pro se* notice of appeal and motion for appointment of appellate counsel. The court granted Phalo's motion for appointment of appellate

3

counsel, appointing Madden and granted Phalo's motion to file an out-of-time notice of appeal.

An independent plenary review of the record by the court, as required by *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400, reveals that counsel properly argues that there are no arguably meritorious issues to appeal. In his *Anders* brief, counsel properly asserts that none of the grounds for appeal reserved in Phalo's appeal waiver provision afford him any relief, as *first,* his sentence was within the statutory range [Phalo's 151 months' imprisonment sentence does not exceed life, the relevant statutory maximum in his case, *see* 21 U.S.C. § 841(b)(1)(A)(ii)] , *second,* the court did not upwardly depart, and *third,* there is no evidence in this limited record on direct appeal that his attorney was ineffective.

Although counsel correctly points out that there is no Sixth Amendment *Booker* error, plain or otherwise, he asserts that the district court committed a statutory *Booker* error by sentencing Phalo under the mandatory sentencing guidelines regime. Counsel does, however, accurately assert that the appeal waiver provision of Phalo's plea agreement was broad enough to dismiss this argument on appeal. "[T]he right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal." *United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir. 2005)

(quoting *United States v. Grinnard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005)); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)).

An unconditional guilty plea, made knowingly, voluntarily, and with the benefit of competent counsel, generally waives all non-jurisdictional defects in the defendant's court proceedings. *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). The record does not indicate that there were jurisdictional defects or that the guilty plea was either conditional or made without the benefit of competent counsel.

Counsel's motion to withdraw is GRANTED, and Phalo's conviction and sentence are AFFIRMED.