[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 25, 2006
THOMAS K. KAHN
CLERK

No. 05-16999
Non-Argument Calendar

_____

D. C. Docket No. 05-20283-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 25, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Miguel Gutierrez appeals his convictions following a guilty plea for possession with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and maintaining a residence for the purpose of manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. He raises two issues.

Gutierrez contends that the district court erred in denying his motion to suppress evidence, including drug evidence and statements he made to law enforcement officers before he was arrested. By pleading guilty unconditionally, Gutierrez waived all non-jurisdictional defects in the proceedings including any error in the denial of his motion to suppress. United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003); United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a conditional plea in accordance with Fed.R.Crim.P. 11(a)(2)." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997). Gutierrez did not do that.

Gutierrez also contends that his 24-month sentence was unreasonable because the district court failed to consider Gutierrez's extraordinary family circumstances adequately; only mentioned the § 3553(a) factors in a cursory manner; and imposed a sentence greater than necessary to comply with the

2

purposes of sentencing outlined in 18 U.S.C. § 3553(a).

In imposing a sentence, after determining the advisory guidelines range, the district court should be guided by the factors in 18 U.S.C. § 3553(a). Booker, 543 U.S. at 261, 125 S.Ct. at 765-66; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need for unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Although the court must be guided by these factors, we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

The burden of establishing that the sentence is unreasonable in light of the

3

record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. Although a sentence within the advisory guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id. at 787-788. "Family responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." United States v. Devegter, 439 F.3d 1299, 1307 (11th Cir. 2006).

The record shows that the district court adequately considered the § 3553(a) sentencing factors and the advisory guideline range in sentencing Gutierrez. The 24-month sentence was reasonable for several reasons. First, as in Scott, the district court explicitly stated that it had considered the § 3553(a) factors. The court was referring to the seriousness of the offense, the need to provide just punishment, and protection of the public when it noted that Gutierrez supplied a "gateway drug" to many youth and destroyed the lives of other families in pursuit of a better life for his family. The court referred to Gutierrez's history and characteristics when it acknowledged that he had a stable employment history and a drug problem. Further, the court explained that Gutierrez's family circumstances were not extraordinary because a defendant's incarceration always devastates the family. The court did not need to state on the record its explicit consideration of every § 3553(a) factor. Finally, the court sentenced Gutierrez at the lower end of

the guideline range.  For all of these reasons, Gutierrez's sentence was not unreasonable.

**AFFIRMED.**