United States Court of Appeals,

Eleventh Circuit.

No. 96-4187.

UNITED STATES of America, Plaintiff-Appellee,

v.

Patrick PIERRE, a.k.a. Maurice Hawkins, a.k.a. Atekel Work Smith, Defendant-Appellant.

Aug. 28, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-14-CR-LCN), Lenore C. Nesbitt, Judge.

Before ANDERSON and EDMONDSON, Circuit Judges, and ROSENN[*], Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Defendant-Appellant Patrick Pierre challenges his convictions—based on a guilty plea—for immigration offenses, alleging violation of his statutory and constitutional rights to a speedy trial. Because Pierre's guilty plea was not a conditional one, we cannot weigh the merits of his speedy trial arguments. But because we conclude that Pierre's guilty plea was not knowingly and voluntarily entered, we deny the government's motion to dismiss this appeal; we reverse Pierre's convictions and remand this case to the district court.

*Facts and Background*

This case presents two related questions: (1) When a criminal defendant enters a guilty plea based on his reasonable belief that he has preserved his right to appeal a non-jurisdictional issue, is the defendant's guilty plea a conditional one within the meaning of Fed.R.Crim.P. 11? (2) If the plea is not conditional, was it still knowingly and voluntarily entered? Here, Pierre, a Jamaican citizen, was indicted for three immigration offenses. He filed a motion to dismiss the charges, alleging violations of the Speedy Trial Act and his constitutional right to a speedy trial. The district court denied the motion; Pierre then entered a guilty plea and was sentenced. He appealed the district court's denial of his motion to dismiss. The government filed a motion to dismiss Pierre's appeal,

[*]Honorable Max Rosenn, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

arguing that Pierre waived his right to raise the issue of a speedy trial violation on appeal due to his guilty plea.

*Discussion*

"A defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings. The right to a speedy trial has repeatedly been held to be non-jurisdictional, both before and after the passage of the Speedy Trial Act." *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984) (internal citations omitted). A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a "conditional plea" in accordance with Fed.R.Crim.P. 11(a)(2).[1] The conditional plea must be in writing and must be consented to by the court and by the government.

Here, Pierre contends that (1) he entered a conditional guilty plea, but (2) if we conclude that his guilty plea was not conditional, it was entered unknowingly and involuntarily. The plea colloquy unequivocally indicates that Pierre intended to plead guilty on the condition that—*and* only after having been assured by the district court judge that—he had preserved the speedy trial issues for appeal. For example, the district court said: "So I'm going to deny your renewed motion to dismiss. Now, if you're ready to go to trial, we have a jury coming up. If you feel that you wish to plead guilty and preserve these legal issues, you may do so." Pierre's counsel also explicitly tried to preserve the speedy trial issue:

> As long as my client is assured by the court, which you have done, that these issues are protected for purposes of appeal, [Pierre] may be willing to wish to do that in the future. But for the purposes of trial, he is entering a plea. It is in his best interest at this time.

Counsel for the government remained silent throughout these exchanges.

_____

[1]Rule 11(a)(2) provides:

> Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

2

The government now contends that Pierre's plea was not conditional, because the government did not consent to it and it was not preserved in writing, as required by Rule 11(a)(2). That the conditional nature of this plea was not preserved in writing is undisputed. Assuming without deciding that the absence of writing is not dispositive of whether a plea is conditional,[2] we nonetheless think that—at the very least—the writing requirement is strong evidence that the government's consent must be express under Rule 11(a)(2).

Rule 11(a)(2) was promulgated in 1983, partly to "produce much needed uniformity in the federal system" on the permissibility of conditional pleas.[3] *See* Advisory Committee Notes. The rule clarified that conditional pleas are recognized and proper in the federal system. The rule, however, did not define government consent; the circuits have divided in interpreting this section of the rule.

In *United States v. Carrasco,* 786 F.2d 1452 (9th Cir.1986), the Ninth Circuit—relying on the Advisory Committee Notes to Rule 11(a)(2)—concluded that Rule 11(a)(2) was intended as a departure from cases such as *Burke,* which held that once a defendant had expressed a desire to enter a conditional guilty plea, "it [was] up to the prosecutor to object if he wishe[d]; otherwise silence

---

[2]Although this failure has been more readily excused as a formality that can be forgiven under the harmless error provision of the rule, *see, e.g., United States v. Yasak,* 884 F.2d 996 (7th Cir.1989); *United States v. Fernandez,* 887 F.2d 564 (5th Cir.1989), the Advisory Committee Notes to the rule indicate that the writing requirement is intended to be enforced:

> The requirement that the conditional plea be made by the defendant "reserving in writing the right to appeal from the adverse determination of any specified pretrial motion," though extending beyond the Second Circuit practice will ensure careful attention to any conditional plea.... By requiring this added step, it will be possible to avoid entry of a conditional plea without the considered acquiescence of the government....

[3]Before the promulgation of Rule 11(a)(2), the Circuits were split about whether to recognize conditional pleas. The Second Circuit, for example, in *United States v. Burke,* 517 F.2d 377 (2d Cir.1975), held that "an appeal would lie in [cases in which a guilty plea has been entered] on an issue not going to guilt when there had been a plea expressly reserving the point accepted by the court with the Government's consent." *Id.* at 379 (internal citations and quotations omitted). Other courts, however, rejected the conditional plea concept as logically inconsistent, *see United States v. Sepe,* 474 F.2d 784, *aff'd en banc,* 486 F.2d 1044 (5th Cir.1973), or as unauthorized due to the absence of specific authorization by statute or rule, *see United States v. Benson,* 579 F.2d 508 (9th Cir.1978).

on his part [was] sufficient assent." *Id.* at 379. Rejecting *Burke* 's definition, the *Carrasco* court determined that Rule 11(a)(2) required "unequivocal government acquiescence." 786 F.2d at 1454 (citing Advisory Committee Commentary). *See also Yasak,* 884 F.2d at 1000 ("[T]he government expressly states on appeal ... that it assents to Yasak's conditional plea. We are thus assured beyond any doubt that the government unequivocally has acquiesced and assented to this appeal....")

In contrast, the Fifth Circuit modeled its Rule 11(a)(2) government-consent analysis after *Burke,* requiring affirmative objection to the conditional plea by the court or prosecutor to avoid consent. In *United States v. Bell,* 966 F.2d 914, 915 (5th Cir.1992), the court concluded that the formalities of Rule 11(a)(2) could be excused as long as the spirit of it had been fulfilled—"that the defendant expressed an intention to preserve a particular pretrial issue for appeal and that neither the government nor the district court opposed such a plea." *Id.* at 916.

For conditional pleas, consent is not a neutral attitude.[4] Especially in the light of history and committee commentary to Rule 11, as well as the fact that the Rule calls for a written agreement, consent in the Rule means express approval: direct assent requiring no inference or implication. Put differently, we agree with our sister circuits which have held that, for Rule 11 purposes, silence or inaction by the government is not consent. We hold, therefore, that, because the government did not give express approval for Pierre to plead conditionally, his plea was not conditional under the Rule.

---

[4]The Advisory Committee Commentary to Rule 11 supports our conclusion:

> To the extent that [objections to conditional pleas] would otherwise have some substance, they are overcome by the provision in Rule 11(a)(2) that the defendant may enter a conditional plea only "with the approval of the court and the consent of the government." ... The requirement that the conditional plea be made by the defendant "reserving in writing the right to appeal from the adverse determination of any specified pretrial motion," ... will ensure careful attention to any conditional plea.... "By requiring this added step, it will be possible to avoid entry of a conditional plea without the considered acquiescence of the government (see *United States v. Burke,* [517 F.2d 377 (2d Cir.1975) ], holding that failure of the government to object to entry of a conditional plea constituted consent) ..."

The unconditional nature of Pierre's plea, however, does not preclude relief. "Three core concerns underlie [Rule 11]:(1) the guilty plea must be free from coercion;  (2) the defendant must understand the nature of the charges;  and (3) the defendant must know and understand the consequences of his guilty plea.  If one of the core concerns is not satisfied, then the plea is invalid." *United States v. Siegel,* 102 F.3d 477, 480-81 (11th Cir.1996) (internal citations and quotations omitted).  Because Pierre entered—and the district court accepted—this guilty plea only on the reasonable (but mistaken) belief that Pierre had preserved the speedy trial issues for appeal, his plea was, as a matter of law, not knowing and voluntary.  *See Carrasco,* 786 F.2d at 1455 ("Carrasco reasonably could have believed that her plea was conditional, based on both previous discussions with the assistant U.S. attorney and the ambiguous exchange in the courtroom.  Accordingly, we cannot conclude that she knowingly and voluntarily entered an unconditional guilty plea."); *United States v. Cortez,* 973 F.2d 764, 767-68 (9th Cir.1992) ("An involuntary plea may result where the accused does not understand the nature of the constitutional protections he is waiving ... It is equally clear [ ] that [the defendant] was not aware that his guilty plea waived his right to assert a [constitutional challenge] on appeal.  The discussions at the hearing prior to trial indicate that all parties believed the [constitutional challenge] could be made "post-conviction.' ").  As a consequence, Pierre's guilty plea does not satisfy one of the core concerns of Rule 11:  at the time of his plea, he could not have understood its consequences.

We, therefore, vacate Pierre's conviction.  On remand, Pierre must be offered the opportunity to plead anew.  *McCarthy v. United States,* 394 U.S. 459, 465-67, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) ("[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.");  *Siegel,* 102 F.3d at 480-81 (holding that if Rule 11 core concern is not satisfied, then guilty plea is invalid).[5]

VACATED and REMANDED.

---

[5]Because we vacate the conviction on this basis, we do not address the merits of Pierre's statutory or constitutional speedy trial claims.