[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12772
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 1, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00006-CR-001-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALBERTIS JORDAN,
a.k.a. Jimp,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 1, 2005)

Before ANDERSON, BIRCH and RONEY, Circuit Judges.

PER CURIAM:

James Albertis Jordan *pro se* appeals his 140-month aggregate sentence and convictions pursuant to a negotiated plea agreement for possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i). We grant the government's motion to dismiss the appeal on the ground that the right to appeal the issues raised by Jordan were either waived by the plea agreement or are improperly raised in a direct criminal appeal.

Jordan makes two overarching arguments on appeal: (1) there was insufficient evidence to support his firearm conviction; and (2) his trial counsel provided ineffective assistance of counsel for two reasons: *first*, by failing to investigate whether the drugs involved in his case were cocaine base rather than cocaine hydrochloride, and *second*, by failing to "obtain" the maximum Fed. R. Crim. P. 35 departure for his assistance to the government.

Jordan was represented by counsel throughout his proceedings in the district court, including all plea agreement negotiations with the government. The plea agreements contained a broad appeal waiver provision which stated as follows:

> Understanding that Title 18, United States Code, Section 3752, provides for appeal by a defendant of defendant's sentence under certain circumstances, defendant by this agreement waives any right to a direct appeal or other review of defendant's sentence by the District Court or Court of Appeals after conviction except in the case of an upward departure from the

guidelines pursuant to 5K2.0 and 4A1.3 and any claim of ineffective assistance of counsel.

Notwithstanding these waivers, the defendant expressly reserves the right to file a direct appeal of an upward departure pursuant to U.S.S.G. § 4A1.3 (criminal history) or § 5K2.0 (offense level) which the Court specifies at the time defendant's waiver as to all other U.S.S.G. findings would still be in force and effect, notwithstanding defendant's reserved right to appeal an upward departure.

During the change of plea hearing, the district court explained to Jordan the consequences of pleading guilty. It also explained the consequences of the appeal waiver provision explaining, "In this plea agreement you are giving up [a statutory right to appeal the sentence], and under the terms of the plea agreement, there are two grounds on which you may appeal the sentence which you receive in this case." It then explained those two grounds to Jordan.

The district court asked Jordan if "he has done for you as your lawyer everything you want him to do . . . [and if Jordan] was satisfied with this services," where Jordan replied, "Yes." After reviewing the factual basis for the guilty plea and determining that it was sufficient, the district court found "that the plea will be freely and voluntarily entered."

On June 30, 2003, the district court, having not yet received the government's motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b),

3

sentenced Jordan to an aggregate of 170 months' imprisonment. Jordan was represented by counsel *until* June 30, 2003.

On June 7, 2004, the government filed a motion for a reduction of sentence pursuant to Fed. R. Crim. P. 35(b). On April 28, 2005, the district court ultimately granted the government's motion for reduction, reducing Jordan's sentence to an aggregate of 140 months' imprisonment.

This Court has held that broad sentence-appeal waiver provision language, such as the provision appearing in Jordan's plea agreement, is enforceable so long as the defendant enters into the agreement knowingly, intelligently, and voluntarily. *See United States v. Grinnard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005); *cf. United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir. 2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005). An unconditional guilty plea, made knowingly, voluntarily, and with the benefit of competent counsel, generally waives all non-jurisdictional defects in the defendant's court proceedings. *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). Jordan does not assert any jurisdictional defects.

Jordan's guilty plea that was neither conditional nor made without the benefit of competent counsel, and the waiver signed in connection therewith forecloses a challenge to the sufficiency of the evidence.

The district court, prior to accepting Jordan's guilty plea, carefully considered the evidence that sufficiently supported a finding that he possessed the firearm.

As to the ineffectiveness of counsel claims, the proper vehicle to assert these claims is by way of a 28 U.S.C. § 2255 motion in the district court, where the requisite factual record can be developed. *See, e.g.*, *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (citing *United States v. Khoury*, 901 F.2d 948, 969 (11th Cir. 1990)).

In any event, at the time the district court was considering the government's Rule 35 motion, which was on or after April 29, 2005, Jordan was proceeding *without* counsel. The record is insufficient to support the argument that Jordan's counsel did not investigate the underlying facts (type of cocaine drug involved, etc.) leading to Jordan's negotiated plea agreement with the government.

The government's motion to dismiss is **GRANTED**, and this appeal is therefore **DISMISSED.**