[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 3, 2006
THOMAS K. KAHN
CLERK

No. 05-12315
Non-Argument Calendar

_____

D. C. Docket No. 04-10037-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAN JESUS RUBI-PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2006)

Before MARCUS, WILSON and RONEY, Circuit Judges.

PER CURIAM:

German Jesus Rubi-Perez appeals his conviction and 30-month sentence

based upon a guilty plea for bringing aliens into the United States in violation of

8 U.S.C. § 1324(a)(2)(A), and for attempted reentry after an order of deportation in

violation of 8 U.S.C. § 1326(a)(1). Although the point was not argued in the

briefs, it is apparent that Rubi-Perez's guilty plea was not knowingly and intelligently entered. Following the precedent in *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997), we vacate his conviction and sentence and remand to the district court for Rubi-Perez to have the opportunity to plead anew.

On November 24, 2004, Rubi-Perez moved to dismiss the indictment based on the Fifth and Sixth Amendment, as well as Federal Rule of Criminal Procedure Rule 5(a)(1)(B). H argued that: (1) the government repatriated all potential defense witnesses before his attorney had an opportunity to interview them; and (2) he was denied a speedy arraignment and assistance of counsel, when the government detained him on a boat for 13 days between his arrest and his initial appearance in court.

On January 21, 2005, prior to a hearing on that motion, Rubi-Perez and his court-appointed defense attorney signed a written plea agreement offered by the government. Then on January 24, 2005, during a hearing at which the district court would deny the motion to dismiss, Rubi-Perez's counsel stated, "we have a Plea Agreement, and . . . if the Court would allow us to reserve this issue for appeal, Mr. Rubi-Perez will be entering a plea this Friday." After reiterating his argument for dismissing the indictment, counsel again stated, "[a]nd depending on the Court's ruling, we also would like to be able to plead Mr. Rubi while

2

preserving that issue for any appellate decisions in the future." The district court stated, "[o]f course, I will allow you to reserve and preserve that issue." The government counsel remained silent concerning the plea agreement during the hearing, and signed the agreement the day *after* the hearing on January 25, 1005.

The agreement neither referenced Rubi-Perez's intent to preserve the issues for appeal, nor that he was making a conditional plea. Nor did either the government or the district court refer to the prior colloquy at the Federal Rule of Criminal Procedure Rule 11 hearing, at which the district court found Rubi-Perez's guilty plea was knowingly, intelligently, and voluntarily entered.

Although the brief for Rubi-Perez argues only the merits of his motion to dismiss, and a *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) issue, the government brief does not address the merits of Fifth and Sixth Amendment claims, but argues only that he waived the right to appeal these issues because he entered an unconditional guilty plea agreement with the government, and the government had not consented to a conditional plea.

The Court in *United States v. Pierre*, 120 F.3d 1153 (11th Cir. 1997) addressed a similar situation. Defense counsel had made a substantially similar statement as Rubi-Perez's counsel during a hearing on a pending motion to dismiss the indictment as follows, "As long as my client is assured by the court, which you

3

have done, that these issues are protected for purposes of an appeal, [Pierre] may be willing to wish to do that in the future. But for the purposes of trial, he is entering a plea. It is in his best interest at this time." 120 F.3d at 1155. We held that it was reversible error for the district court to accept the guilty plea "only on the reasonable [but mistaken] belief that [a defendant] had preserved the speedy trial issues for appeal" because "as a matter of law" it was not knowing and voluntary. *Pierre*, 120 F.3d at 1156.

Both Rubi-Perez and the district court were proceeding forward with the guilty plea agreement with the reasonable belief that the issues raised in the motion to dismiss the indictment were preserved for appeal, the court having previously stated "of course, I allow you to reserve that issue." As the government argues, however, since the written plea agreement fails to expressly preserve this issue for appeal, the government did not consent in the plea agreement. The government's silence when the court gave its consent did not amount to government consent.

Following *Pierre*, Rubi-Perez's conviction and sentence are vacated, and the case is remanded to the district court for him to plead anew. *See Pierre*, 120 F.3d at 1157 (vacating conviction and sentence, declining to reach remaining issues on appeal, and noting that the defendant must be "offered the opportunity to plead anew").

We express no opinion as to the merits of the issues raised in Rubi-Perez's initial brief.

VACATED AND REMANDED.