[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 05-13444
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-00081-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILDER ARLEY SALDRRIAGA-PALACIO,
a. k. a. Wilder Arley Saldarria Palacio,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(December 12, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Wilder Arley Saldrriaga-Palacio appeals his

conviction and 210-month sentence for (1) possession with intent to distribute five

kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Saldrriaga-Palacio was arrested on a "go-fast" boat carrying 89 bales of cocaine that weighed approximately 2,000 kilograms. He filed a financial affidavit claiming indigence; and the district court appointed a lawyer to represent him. Later, the district court granted a motion by Roy Kahn to substitute himself as Saldrriaga-Palacio's privately-retained lawyer. The government then filed a motion requesting a hearing about the source of legal fees paid to Kahn on behalf of Saldrriaga-Palacio. In its motion, the government argued that, because Saldrriaga-Palacio initially claimed to be indigent, the criminal enterprise directing the cocaine delivery for which Saldrriaga-Palacio was arrested might be paying for his lawyer, which would create a conflict of interest requiring Kahn's disqualification. A magistrate judge granted the government's motion for a hearing.

At the hearing, Kahn explained that a Colombian lawyer contacted him on behalf of Saldrriaga-Palacio's "Uncle Walter," who wanted to pay Kahn to represent Saldrriaga-Palacio. The magistrate concluded that Kahn appeared to have a conflict of interest about how he was retained and that his representation of Saldrriaga-Palacio cast doubt on the fairness of the pending legal proceedings. The magistrate disqualified Kahn from representing Saldrriaga-Palacio. Saldrriaga-Palacio appealed the magistrate's decision to the district court; and while this appeal was pending, he again was assigned a court-appointed lawyer. Before the district court ruled on his appeal of the magistrate's disqualification order, Saldrriaga-Palacio pleaded guilty to both counts in his indictment without a plea agreement.

On appeal, Saldrriaga-Palacio first argues that the district court abused its discretion in disqualifying his privately-retained lawyer, which denied his Sixth Amendment right to the lawyer of his choice. He contends that his uncle, and not a third-party criminal enterprise, was paying his legal fees to Kahn and that no conflict of interest existed through Kahn's representation. Saldrriaga-Palacio also asserts that the district court did not review in a timely manner his appeal of the magistrate's order disqualifying Kahn.

The government responds that Saldrriaga-Palacio waived his challenge to the magistrate's disqualification order when he knowingly and voluntarily entered an unconditional guilty plea. We agree.[1]

"A defendant's unconditional plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997) (internal quotation and alteration omitted); see also United States v. Patti, 337 F.3d 1317, 1322 (11th Cir. 2003) (concluding that a defendant waived right to appeal denial of motion for a judge's recusal by entering an unconditional guilty plea). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with [Federal Rule of Criminal Procedure] 11(a)(2)." Pierre, 120 F.3d at 1155.

Here, the record reflects that Saldrriaga-Palacio's guilty plea was made knowingly and voluntarily and that, although his appeal of the magistrate's order disqualifying Kahn was pending at the time of his guilty plea, Saldrriaga-Palacio did not enter -- or attempt to enter -- a conditional plea that preserved his right to

---

[1]Because we conclude that Saldrriaga-Palacio has waived a challenge to the magistrate's disqualification order, we deny as moot his motion for consideration of sealed documents related to the magistrate's order.

pursue an appeal of the disqualification order.[2] Therefore, by entering an unconditional guilty plea, Saldrriaga-Palacio waived his appeal of the magistrate's order disqualifying Kahn; and we will not consider whether Kahn's disqualification was an abuse of the magistrate's discretion.

Saldrriaga-Palacio next argues that his 210-month sentence was unreasonable. He contends that, because his co-defendants -- with the exception of the captain of the "go-fast" boat -- received 135-month sentences, the district court failed to avoid sentencing disparities in calculating his sentence. Saldrriaga-Palacio also asserts that the district court did not consider that he (1) was at the lowest level of the smuggling operation, (2) received little compensation for his work on the boat, and (3) was uneducated, poor, young, and unsophisticated. In addition, he argues that his sentence was unreasonable because he was denied the lawyer of his choice at sentencing, when he withdrew an objection to the district court's application of a sentencing enhancement for firearm possession.

---

[2]We are not persuaded by Saldrriaga-Palacio's arguments that (1) before accepting his guilty plea, the magistrate should have explained that Saldrriaga-Palacio was waiving his right to appeal the disqualification order and (2) his guilty plea was not knowing and voluntary because he was unaware that an unconditional plea waived his right to appeal the disqualification order. Nothing in Fed.R.Crim.P. 11 required the magistrate to inform Saldrriaga-Palacio about a conditional guilty plea. And we conclude that Saldrriaga-Palacio's contention that his court-appointed lawyer had a conflict of interest in representing him -- because this lawyer had a financial interest in remaining Saldrriaga-Palacio's counsel and therefore was not motivated to appeal the magistrate's disqualification order -- is without merit.

Saldrriaga-Palacio was sentenced after the Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005); so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "Review for reasonableness is deferential"; and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Saldrriaga-Palacio's sentence was reasonable. The district court sentenced him to the lowest point of his Guidelines range of 210 to 262 months' imprisonment. See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

6

In addition, in sentencing Saldrriaga-Palacio, the district court noted the section 3553(a) factors and commented in particular on Saldrriaga-Palacio's age, his educational and work background, and the seriousness of his offense. The district court concluded that the sentence imposed was not greater than necessary to comply with the statutory purposes of sentencing. The district court was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). And we note that not being represented by the defendant's choice of lawyer is not a section 3553(a) factor. See 18 U.S.C. § 3553(a)(1)-(7). Nothing in the record convinces us that Saldrriaga-Palacio's sentence was unreasonable in the light of the section 3553(a) factors.[3]

**AFFIRMED.**

---

[3]The government asserts that, although Saldrriaga-Palacio asked the district court to sentence him below his Guidelines range based on application of the section 3553(a) factors, his failure to object after sentencing -- either that his sentence was unreasonable or that the district court did not consider properly the section 3553(a) factors in determining his sentence -- indicates that we should review Saldrriaga-Palacio's challenge to the reasonableness of his sentence only for plain error. We need not decide this issue because, even under a reasonableness standard, Saldrriaga-Palacio's appeal fails.