[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14348
Non-Argument Calendar

_____

D. C. Docket No. 07-60058-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SABRINA F. SIDOTI,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 23, 2008)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Sabrina F. Sidoti appeals her conviction and sentence of imprisonment for

121 months for conspiracy to possess with intent to distribute 500 grams of more

of methamphetamine, three counts of possession with intent to distribute a detectable amount of methamphetamine, and possession of a detectable amount of methamphetamine. See 21 U.S.C. §§ 841(a)(1), 844(a). Sidoti makes three arguments on appeal: (1) she received ineffective assistance of counsel; (2) the district court erred when it denied her motion to suppress; and (3) the district court erred when it failed to credit her for acceptance of responsibility. We affirm.

We do not review Sidoti's first two arguments. First, we do not "consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop the factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (citation omitted). Instead, "[s]uch cases are usually resolved post-appeal in a habeas corpus proceeding, where an evidentiary hearing may be held." United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992). Sidoti did not raise her claim of ineffective assistance in the district court, and the record is not developed as to that issue. Second, Sidoti waived her right to appeal the denial of her motion to suppress. "A defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997). Sidoti knowingly and voluntarily

2

entered her guilty plea and understood, by doing so, that she waived the right to challenge the denial of her motion to suppress.

Sidoti's final argument is that the district court erred when it denied her a downward adjustment under section 3E1.1 of the Sentencing Guidelines for acceptance of responsibility. We review the determination of the district court for clear error. United States. v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005) (citation omitted). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999). "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. n.4. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5.

The district court did not clearly err when it denied Sidoti an adjustment for acceptance of responsibility. Sidoti admitted that she had obstructed the

investigation of the government when she tried to warn others of that investigation. Sidoti does not argue that the district court erred when it enhanced her sentence for obstruction of justice, and the district court found Sidoti's acceptance was not so extraordinary as to outweigh her earlier obstructive conduct. The district court also found that Sidoti falsely testified at the hearing on her motion to suppress, and the record supports that finding.

Sidoti's convictions and sentence are **AFFIRMED**.