[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2012
JOHN LEY
CLERK

No. 11-10133
Non-Argument Calendar

_____

D. C. Docket No. 0:10-cr-60168-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD GABEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 14, 2012)

Before EDMONDSON, WILSON, and FAY, Circuit Judges.


PER CURIAM:

Ronald Gabel appeals his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), for which he was sentenced to 60 months' imprisonment. No reversible error has been shown; we affirm.

After he was indicted for possession of child pornography, Gabel filed a motion to suppress (1) evidence gathered during warrantless searches of his computer files over shared networks, (2) evidence gathered during the execution of a search warrant, and (3) his confession. The magistrate judge recommended denying Gabel's motion, and the district court adopted the magistrate's recommendation. Gabel then pleaded guilty pursuant to a conditional plea agreement in which he reserved the right to appeal the denial of his motion to suppress.

Although not raised by either party, we must consider sua sponte whether Gabel waived his objection to the denial of his motion to suppress by failing to object to the magistrate's report and recommendation. Pursuant to Fed.R.Crim.P. 59(b)(2), a defendant's failure to file specific written objections to a magistrate's report within 14 days of being served, or by some other date set by the court, constitutes a waiver of the defendant's right to appellate review. Waived claims are not subject to plain error review. United States v. Lewis, 492 F.3d 1219, 1221 (11th Cir. 2007) (en banc).

2

The magistrate's report informed the parties that they had 14 days to file written objections to its proposed findings and recommendations. Because Gabel failed to file such objections, he has waived his right to challenge the denial of his motion to suppress.[*]

AFFIRMED.

---

[*]Gabel's later attempt -- in his conditional plea -- to reserve the right to appeal the denial of his motion to suppress does not affect his waiver. This might raise concerns about whether Gabel's guilty plea was entered knowingly and voluntarily, but that issue is not before us on appeal. See United States v. Pierre, 120 F.3d 1153, 1156-57 (11th Cir. 1997) (concluding that "[b]ecause [defendant] entered -- and the district court accepted -- this guilty plea only on the reasonable (but mistaken) belief that [defendant] had preserved the speedy trial issues for appeal, his plea was, as a matter of law, not knowing and voluntary.").