[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15326
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cr-00069-MTT-CHW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMAR ODOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 27, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Lamar Odom entered an unconditional plea of

guilty to possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1).  The District Court accepted the plea and sentenced Odom to a prison term of 62 months.  He now appeals his conviction, arguing that the District Court erred in denying his motion to suppress, because the arresting officer unconstitutionally prolonged the traffic stop that resulted in the discovery of the cocaine.

Ordinarily, we review the denial of a motion to suppress under a mixed standard of review, reviewing factual findings "for clear error and the application of law to those facts *de novo*."  *United States v. Bautista-Silva*, 567 F.3d 1266, 1271 (11th Cir. 2009).  However, a defendant's unconditional guilty plea, "made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings."  *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (quotation omitted).  We review *de novo* whether a voluntary, unconditional guilty plea waived a defendant's right to appeal an adverse ruling on a pre-trial motion.  *See United States v. Patti*, 337 F.3d 1317, 1320 & n.4 (11th Cir. 2003).  Where waiver applies, the ruling is not reviewable.  *See id*. at 1323.

A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with an understanding of the nature of the charges and the

consequences of the plea. *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009). A conditional plea, as opposed to an unconditional plea, preserves the defendant's right to appeal an adverse determination, and it "must be in writing and must be consented to by the court and by the government." *Pierre*, 120 F.3d at 1155. *See also* Fed. R. Crim. P. 11(a)(2). Finally, a court's refusal to suppress evidence is non-jurisdictional and is waived by an unconditional guilty plea. *See United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).[1]

Odom waived his right to challenge the District Court's denial of his motion to suppress through the entry of an unconditional guilty plea. In his brief to this court, he does not argue that his plea was not knowing or voluntary or that he lacked the benefit of competent counsel. Furthermore, he does not contend that his plea agreement preserved the right to appeal the adverse determination of any pretrial motion, including the denial of his motion to suppress. *See* Fed. R. Crim. P. 11(a)(2).

AFFIRMED.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.