[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10047
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cr-00028-KOB-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERMILO BENITEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 27, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After entering an Alford plea, Hermilo Benitez appeals his conviction for possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B).  On appeal, Benitez argues that the district court erred by failing to suppress the drugs found in Benitez's vehicle following an illegal traffic stop. After review, we affirm.

## I.  FACTUAL BACKGROUND

Before entering his plea, Benitez and the government signed a plea agreement preserving Benitez's right to appeal the district court's suppression ruling.  At the plea hearing, however, Benitez maintained that he was unaware of the drugs found in his car.  Consequently, the parties withdrew the plea agreement, and the district court allowed Benitez to instead enter a blind Alford plea.  At that time, Benitez's counsel reiterated that the suppression ruling was preserved for appeal.[1]

## II.  MOTION TO SUPPRESS

We review the district court's findings of fact on a motion to suppress only for clear error, but review its application of the law to those facts de novo.  United

---

[1]We recognize that there is some question as to whether Benitez's Alford plea waived his right to appeal the suppression ruling.  See United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997) (explaining that a defendant's knowing and voluntary unconditional guilty plea "waives all non-jurisdictional defects in that defendant's court proceedings"); Fed. R. Crim. P. 11(a)(2) (requiring a conditional plea to be with the consent of the court and the government and the reservation of the appellate issue to be in writing).  However, the government has not raised the issue of waiver.  We therefore do not address it.  See United States v. Lall, 607 F.3d 1277, 1290 (11th Cir. 2010) (declining to address waiver of an appellate issue where the government failed to argue it).

2

States v. Ramirez-Chilel, 289 F.3d 744, 748-49 (11th Cir. Cir. 2002).  We defer to the district court's credibility determination made during a suppression hearing unless that determination is "contrary to the laws of nature, or so inconsistent or improbable on its face that no reasonable factfinder could accept it."  Id. at 749 (quotation marks omitted).

A traffic stop constitutes a seizure under the Fourth Amendment.  Delaware v. Prouse, 440 U.S. 648, 653, 99 S. Ct. 1391, 1396 (1979).  A traffic stop is constitutional if it is based upon probable cause to believe that a traffic law has been violated or upon reasonable suspicion of criminal activity.  United States v. Harris, 526 F.3d 1334, 1337 (11th Cir. 2008).  The standard for both probable cause and reasonable suspicion is an objective one, and an officer's subjective motivation "does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment."  Id. (quotation marks omitted).

Here, the district court did not err in denying Benitez's motion to suppress. As the district court correctly concluded, Officer Ernest Ryan had both probable cause to believe Benitez had committed a traffic violation and reasonable suspicion that criminal activity was afoot.

Officer Ryan testified that the car Benitez was driving committed a traffic violation when it traveled on or crossed over the fog line at least twice, then drifted

3

toward the center lane as another car passed.  Officer Ryan's patrol car video supported Officer Ryan's version of events.

As to the traffic violation, Officer Ryan had probable cause to believe Benitez had violated Alabama Code § 32-5A-88(1), which requires that a vehicle on a roadway with two or more lanes "shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  Ala. Code § 32-5A-88(1).

Further, Officer Ryan testified that he suspected that Benitez was driving impaired, which is a crime under Alabama Code § 32-5A-191(a).  Officer Ryan testified that he was trained to judge impaired driving by looking for such behavior as driving at a low rate of speed or having delayed reactions in correcting course. Officer Ryan stated that he saw Benitez driving his car "a lot slower than normal traffic" and then slowly moving over the fog line at least twice and then drifting toward the center lane.  Again, the patrol car video corroborated Officer Ryan's testimony.

Because Officer Ryan's testimony was not improbable or inconsistent on its face, there is no reversible error in the district court's factual findings.  Based on Officer Ryan's credited testimony of Benitez's driving, a reasonable officer in Officer Ryan's shoes had probable cause to believe Benitez had violated a traffic

4

law by failing to maintain his lane and also had a reasonable suspicion that Benitez was committing a crime by driving while impaired.

Benitez argues that Officer Ryan's reasons for the traffic stop were pretextual because he admitted following Benitez's car before observing the traffic violation. The court's inquiry is an objective one, however, and Officer Ryan's subjective motives are not relevant. Once Benitez's vehicle began veering outside its lane and Benitez's driving appeared to be impaired, Officer Ryan had objectively reasonable bases to execute the stop.

This case differs materially from the purely pretextual stop in United States v. Smith, 799 F.2d 704 (11th Cir. 1986), cited by Benitez. In Smith, there was "overwhelming objective evidence" that the trooper who executed the traffic stop had no interest in investigating possible drunk driving. 799 F.2d at 710-11. There was also an express finding in Smith that no traffic violation had occurred. Id. at 709. In contrast, Officer Ryan's testimony describes, and the patrol car video shows, that Benitez's vehicle slowly drifted across the lane from the fog line toward the center line. The video also shows that, after pulling over Benitez's vehicle, Officer Ryan told the passengers that their car was drifting in the lane and asked whether they had been drinking. And, at the conclusion of the stop, Officer Ryan issued Benitez a warning ticket for improper lane usage.

5

For all these reasons, we conclude that the district court properly denied

Benitez's motion to suppress, and we affirm Benitez's conviction.

**AFFIRMED.**