[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 13-13227; 13-13236
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cr-00522-WBH-LTW-1,
1:11-cr-00113-WBH-LTW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK CADET,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(September 11, 2014)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Cadet appeals his convictions for one count of passport fraud in

violation of 18 U.S.C. § 1542 and one count of making a false claim to United

States citizenship in violation of 18 U.S.C. § 911, brought in one criminal proceeding, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), brought in a second criminal proceeding.[1]  On appeal, Cadet argues that the search of his residence was unconstitutional and that the district court erred by denying his motion to suppress evidence that was seized during the search.

The government argues that the district court's denial of Cadet's motion to suppress is not reviewable because Cadet entered an unconditional guilty plea.  We review *de novo* whether a defendant's guilty plea waives his right to appeal the denial of a motion to suppress.  *See United States v. Patti*, 337 F.3d 1317, 1320 & n.4 (11th Cir. 2003).

"'A defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (alteration in original) (quoting *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)).  A district court's erroneous refusal to suppress

---

[1] These appeals were administratively consolidated on November 21, 2013.  They arise from two separate criminal proceedings, with separate indictments, that were consolidated into a single proceeding by the district court.

2

evidence is a non-jurisdictional defect.  *See United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973) (per curiam).[2]

> A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a "conditional plea" in accordance with Fed.R.Crim.P. 11(a)(2).  The conditional plea must be in writing and must be consented to by the court and by the government.

*Pierre*, 120 F.3d at 1155 (footnote omitted).

Cadet does not dispute that he knowingly and voluntarily entered a guilty plea.  He does not argue that he lacked the benefit of competent counsel.  He does not argue that he has preserved appellate review of any non-jurisdictional issues by entering a conditional plea in accordance with Rule 11(a)(2).  Upon review of the record and consideration of the parties' briefs, we therefore affirm on the ground that Cadet has waived any challenge to the district court's denial of his motion to suppress.  We do not reach the merits of Cadet's challenge.

**AFFIRMED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.