[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12190
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00385-LSC-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS JULIUS,
a.k.a. Pickel Julius,
a.k.a. Pickles Julius,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 25, 2019)

Before JORDAN, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Curtis Julius appeals his conviction after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Julius contends that the district court erred in preventing him from presenting a justification defense at trial.  The government asserts that Julius waived his right to raise that argument on appeal when he pleaded guilty.  We agree with the government and, thus, dismiss the appeal.

Julius was charged with -- and pleaded not guilty to -- two counts of being a felon in possession of a firearm.  The government filed a pre-trial motion in limine to exclude the introduction of evidence supporting Julius's anticipated justification defense.  The district court granted conditionally the government's motion; the grant required Julius to obtain the court's permission before introducing evidence or argument about a potential justification defense in the presence of the jury.

At trial, Julius -- outside the presence of the jury -- presented evidence to the court in support of his justification defense.  The district court determined that the evidence was insufficient to satisfy the standards of a justification defense and, thus, excluded the evidence.

After the close of evidence and before closing arguments, Julius indicated to the district court that he wished to plead guilty.  The district court then conducted a

2

plea colloquy pursuant to Fed. R. Crim. P. 11.  Under the terms of the oral plea agreement, Julius pleaded guilty to Count 1 in exchange for the government's moving to dismiss Count 2.  The government agreed to recommend a sentence of 84 months' imprisonment, to run concurrent with the sentence imposed in a related case involving the revocation of Julius's supervised release.  The district court determined that Julius's guilty plea was knowing, voluntary, and supported by an independent factual basis.

The district court later sentenced Julius to 84 months' imprisonment.  The district court also imposed a 24-month sentence upon revocation of Julius's supervised release, to run consecutive to Julius's 84-month sentence.

We review de novo whether a voluntary unconditional guilty plea waives a defendant's ability to raise an argument on appeal.  United States v. Patti, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003).

"Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."  Id. at 1320; see also United States v. Brown, 752 F.3d 1344, 1347 (11th Cir. 2014) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant.").  A voluntary guilty plea also waives all non-jurisdictional defenses that could have been raised at the time of the defendant's plea.  Grier v. United States, 472 F.2d 1157, 1158 (5th Cir. 1973).  "A defendant

3

who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with Fed. R. Crim. P. 11(a)(2)." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997). "A conditional plea must be in writing and must be consented to by the court and by the government." Id.

On appeal, Julius raises no challenge to the voluntariness of his guilty plea. Moreover, the record demonstrates that during the plea colloquy, the district court addressed adequately the core concerns underlying Fed. R. Crim. P. 11.

By entering a knowing and voluntary unconditional guilty plea, Julius waived his right to challenge on appeal the district court's adverse rulings about Julius's justification defense: a non-jurisdictional defect. Although the justification defense was a contested issue throughout Julius's criminal proceedings, Julius did not preserve -- as required by Rule 11(a)(2) -- the right to appeal on that ground. See Pierre, 120 F.3d at 1155. Accordingly, we dismiss the appeal.

DISMISSED.