**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 24-11997

Non-Argument Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAMAL LIVINGSTON ALEXANDER,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20015-BB-1

---

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Jamal Alexander was convicted of possessing child pornography after pleading guilty and sentenced to forty-two months in prison. He appeals the voluntariness of his guilty plea. Because we

agree that Alexander's plea was not knowing and voluntary, we reverse his conviction and sentence and remand to the district court.

The Miami Beach Police Department executed a search warrant for child pornography at Alexander's house. Based on evidence found during the search, a federal grand jury returned an indictment charging Alexander with possessing child pornography.

Alexander moved to suppress the evidence from the search, arguing that the police didn't have probable cause for the warrant, but the district court denied the motion. Alexander then agreed to plead guilty. He signed a plea agreement with the government but the agreement said nothing about his right to appeal. At the change-of-plea hearing, the district court explained some of the consequences of the agreement without mentioning the possibility of an appeal. For his part, Alexander told the district court that, by signing the plea agreement, he was not waiving his right to appeal the denied suppression motion.

At sentencing, Alexander again explained that he planned to appeal the district court's denial of the suppression motion. The district court acknowledged that statement without clarifying that the plea agreement's terms had foreclosed any appeal on the suppression issue.

We review for plain error when a defendant does not object to the voluntariness of his guilty plea. *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). To succeed on plain error review, the defendant must show four things: (1) that an error occurred; (2) that the error was plain; (3) that the error affected his

substantial rights; and (4) that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). A defendant may enter a conditional plea—one that allows for review of a pretrial motion—only "with the consent of the court and the government." Fed. R. Crim. P. 11(a)(2).

Here, the parties agree that the terms of the plea didn't allow Alexander to appeal the denial of his suppression motion, so there wasn't consent under rule 11(a)(2). As a result, Alexander argues that his plea was invalid because he didn't enter it with full knowledge of its consequences. The government concedes that Alexander is right.

After reviewing the record, the government's concession is well taken. Alexander's guilty plea was plainly not voluntary because he did not know and voluntarily accept that it was unconditional. *See United States v. Pierre*, 120 F.3d 1153, 1156 (11th Cir. 1997) (concluding as a matter of law that a defendant's guilty plea was not knowing and voluntary when he entered it based on a reasonable but mistaken belief that he had preserved a pretrial issue for appeal). Thus, we reverse his conviction and sentence and remand for further proceedings.[1]

---

[1] Alexander also argues that the district court erred in denying his suppression motion. But because we're reversing his conviction and sentence based on the voluntariness of his guilty plea, we need not reach this alternative ground for reversing.

4                    Opinion of the Court                    24-11997

**REVERSED AND REMANDED.**