[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

No. 09-13748
Non-Argument Calendar

_____

D. C. Docket No. 07-00001-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LUCZAK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2010)

Before BIRCH, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Luczak appeals his convictions for wire fraud, 18 U.S.C. §§ 1343

and 2; money laundering, 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2; and conducting prohibited money transactions, 18 U.S.C. §§ 1957 and 2. Luczak, who was already on supervised release for an earlier securities fraud conviction, orchestrated an elaborate mortgage fraud scheme in which he used inflated appraisals and falsified loan applications from straw buyers to obtain mortgage loans on dozens of houses in Cape Coral, Florida for substantially more than the properties were worth, diverted millions in loan proceeds into his own pocket, and then allowed the loans to default. After the district court denied his request for a continuance so that his new attorney could prepare for trial,[1] Luczak reached an agreement with the government and entered an unconditional guilty plea. Seven months later, on the eve of sentencing, Luczak moved to withdraw the guilty plea and asked for an evidentiary hearing on his claim that he had been forced to plead guilty because his lawyer was not competent to take the case to trial. The court denied both motions and sentenced Luczak to 22 years in prison.

Luczak argues that the district court abused its discretion in denying his motion to continue trial. He also contends that the district court abused its discretion in denying his motion to withdraw his guilty plea and in refusing to hold

---

[1] Luczak had already changed lawyers three times by this point, and had obtained numerous continuances that delayed his trial for more than eighteen months. The "new" counsel of record had already been working on the case for more than seven months as co-counsel to Luczak's previous attorney.

an evidentiary hearing.  We affirm on both issues.

A.

A district court's denial of a motion to withdraw a guilty plea prior to sentencing is reviewed only for abuse of discretion.  See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  We will reverse the district court only if its decision was arbitrary or unreasonable.  United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002).  A district court's refusal to conduct an evidentiary hearing on a motion to withdraw a guilty plea is also reviewed only for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).

Once the court has accepted a guilty plea, a defendant may withdraw it before sentencing only if he can show a "fair and just reason."  Fed. R. Crim. P. 11(d)(2)(B).  In United States v. Buckles, 843 F.2d 469, 471–72 (11th Cir. 1988), we identified four factors for the district court to consider in evaluating such a request:  (1) whether the defendant had "close assistance" of counsel; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.  Id. at 472.  The court may also consider the timing of the motion to withdraw.  United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

3

The magistrate judge conducted an extensive Rule 11 hearing to ensure that Luczak's guilty plea was knowing and voluntary. At that hearing, Luczak pronounced himself "absolutely" satisfied with his attorney's representation. He acknowledged that counsel had explained the sentencing guidelines to him, that he was aware that the court could impose any sentence up to the statutory maximum, and that he would not be allowed to withdraw his plea if his attorney's predictions about the sentencing range proved inaccurate. He also admitted that he was in fact guilty of the offenses to which he pleaded.

Luczak now says he did not mean any of those things, and said them only because the court would not have accepted his plea if he had not. A defendant who makes statements under oath at a plea colloquy bears a heavy burden to demonstrate that those statements were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). The district court was entitled to presume, as it did, that Luczak's earlier statements were true. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). The court did not abuse its discretion in finding that Luczak was competently represented and that his plea was knowing and voluntary. See United States v. Pease, 241 F.3d 938, 941 (11th Cir. 2001) (per curiam) (district court properly refused to allow plea withdrawal despite defendant's claim his counsel had misinformed him about sentencing, where record showed court had

advised defendant of possible maximum sentence and had warned him not to rely on his attorney's predictions).

The district court also found that permitting Luczak to withdraw his guilty plea and proceed with a lengthy and complex trial would not conserve judicial resources, and that the government would be prejudiced by the difficulty of reestablishing contact with out-of-state witnesses it had assumed it no longer needed. Finally, the court found that Luczak's seven-month delay in seeking withdrawal showed that his true motive was dissatisfaction with the guidelines sentence range recommended in the final presentence report. See Gonzales-Mercado, 808 F.2d at 801. Luczak cannot show that the district court's denial of his motion was arbitrary or unreasonable.

Because the magistrate's Rule 11 inquiries at the plea hearing were sufficiently extensive to demonstrate the validity of Luczak's plea, there was no need for the district court to hold an evidentiary hearing. See United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986).

B.

When the issue is preserved, a district court's denial of a motion to continue trial is reviewed for abuse of discretion. United States v. Bowe, 221 F.3d 1183, 1189 (11th Cir. 2000). However, an unconditional guilty plea, "made knowingly,

voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997).

Under Fed. R. Crim. P. 11(a)(2), a defendant may plead guilty and reserve an issue for appeal if the government and the court consent. Luczak, however, entered an unconditional guilty plea and acknowledged that he was waiving his rights to appeal. Because the denial of a motion to continue is not a jurisdictional issue, Luczak has waived his challenge and we need not consider it. See Pierre, 120 F.3d at 1155.

**AFFIRMED.**