[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10263
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00003-RS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES A. ARMSTRONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 6, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Armstrong appeals his conviction, entered upon a guilty plea, and

190-months' sentence of imprisonment for conspiring to distribute and possess

marijuana with intent to distribute, in violation of 21 U.S.C. § 846, possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Mr. Armstrong argues that the district court erroneously denied his motion to suppress, contending that the search warrant did not authorize a search of his Cadillac because it did not specify that the curtilage or automobiles on his property could be searched.  He further asserts that trial counsel rendered ineffective assistance by failing to raise this argument in the motion to suppress.  Finally, he contends that the district court erred by declining to depart downward to criminal history category II based upon the fact that criminal history category III overstated his criminal history.

## I.  The Search of the Grey Cadillac

Mr. Armstrong filed a pre-trial motion to suppress evidence seized pursuant to a search warrant, arguing that the warrant did not identify his property with sufficient particularity given a number of errors in the search warrant's identification of that property.  The search warrant provided in pertinent part as follows:

> The fourth premises to be searched is the property at 4671 Millers Ferry Road, Vernon, Florida 32462.  From the intersection of State Road 79 and Millers Ferry Road, turn west onto Millers Ferry Road, which is also County Road 284.  Travel approximately 2 miles to the intersection of Millers Ferry Road and Anderson Hill Road.  The search location is on southwest corner of Millers Ferry Road and

2

Anderson Hill Road.  There is a single wide mobile home on the property with a partially screened front porch.  There are a number of what appear to be junk vehicles in the front yard.  On the east side of the property is a pull behind R.V. with a blue tarp on it.  Across the street from the search location is a mailbox with the numbers "4741" on it.

Mr. Armstrong pointed out several errors with the search warrant, including that: (1) Anderson Hill Road does not exist in Washington County, Florida; (2) his property is not 2 miles from State Road 79 and Millers Ferry Road, but rather about 1.5 miles from that intersection; (3) his property, the one searched, is located at 4741 Millers Ferry Road, not 4671 Millers Ferry Road; and (4) Lucianne Road is 2 miles from the intersection of State Road 79 and Millers Ferry Road.  Mr. Armstrong raised no other arguments regarding the validity of the search warrant.

The district court denied Mr. Armstrong's motion to suppress, concluding that, despite the errors, the search warrant provided sufficient detailed information to allow the law enforcement officers to accurately identify Mr. Armstrong's property.  At Mr. Armstrong's later change-of-plea hearing, the government orally assented to, and the district court accepted, Mr. Armstrong's reservation of the right to appeal the denial of his motion to suppress.

On appeal, Mr. Armstrong raises an entirely new argument—that the search warrant did not authorize a search of his Cadillac (in which the law enforcement officers found $360,000 in cash) but instead only permitted a search of his

3

"property."  He argues that the search warrant did not authorize a search of the property's curtilage or automobiles.

As an initial matter we must determine whether Mr. Armstrong, by pleading guilty, has preserved his argument that the search warrant did not authorize a search of the Cadillac.  A counseled and unconditional guilty plea that is entered knowingly and voluntarily waives all non-jurisdictional defects in the trial proceedings, including the district court's refusal to suppress evidence.  *See United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).[1]  A defendant who pleads guilty, however, may reserve certain issues for appellate review by entering a conditional plea in accordance with Fed. R. Crim. P. 11(a)(2).  *See Pierre*, 120 F.3d at 1155.  Pursuant to Rule 11, and with the district court's and government's consent, a defendant "may enter a conditional plea of guilty . . . , reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion." Fed. R. Crim. P. 11(a)(2).  A conditional plea must be in writing, and must have the district court's and government's consent.  *See Pierre*, 120 F.3d at 1155.

Here, at the change-of-plea hearing, Mr. Armstrong clearly requested a reservation of his right to appeal the district court's earlier ruling on his motion to

---

[1] In *Bonner v. City of Prichard*,  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

suppress, the government expressly indicated that it had no objection, and the district court ruled that he preserved this right to appeal. Although Mr. Armstrong did not preserve his right to appeal in writing as required by Rule 11, even if we assume, in light of the district court's and government's express consent to appeal, that the absence of this writing is not dispositive to whether his plea was conditional and properly preserved his right to appeal, *see Pierre*, 120 F.3d at 1155, we nonetheless affirm the denial of the motion to suppress.[2]

First, the specific argument that Mr. Armstrong raises on appeal regarding the search of the Cadillac is not the argument he made in the district court regarding the motion to suppress and thus, we cannot consider it. *See United States v. Wai-Keung*, 115 F.3d 874, 877 (11th Cir. 1997) (declining to consider defendant's argument regarding the search of a rental car where it was not one of the grounds upon which he was granted leave to appeal after pleading guilty).

---

[2] We note that we need not decide in Mr. Armstrong's appeal whether the absence of writing necessarily precludes the conclusion that a defendant preserved his right to appeal upon the entry of a guilty plea because Mr. Armstrong, unlike the defendant in *Pierre*, has not argued that the failure to preserve in writing the conditional nature of his guilty plea renders his plea unknowing or involuntary, thereby making his plea invalid. *See Pierre*, 120 F.3d at 1155 (vacating a conviction based on a guilty plea where the defendant intended to preserve an issue for appeal but the conditional nature of plea was not preserved in writing <u>and</u> the government did not expressly consent). Moreover, while the government argues, in part, that Mr. Armstrong did not preserve his right to appeal from the motion to suppress because his conditional plea was not in writing, it also argues, and has fully briefed, the alternative arguments on the merits of Mr. Armstrong's claim, presuming that he preserved his right to appeal. Thus, neither Mr. Armstrong nor the government is prejudiced by our assumption that Mr. Armstrong properly preserved his right to appeal upon entry of his guilty plea.

Alternatively, even if we assume that Mr. Armstrong preserved the right to appeal any arguments—not just the one before the district court—supporting his motion to suppress, our review of the specific argument he raises in this appeal is for plain error because he did not raise it before the district court.[3]  Based on the search warrant, we cannot say that there was any error, let alone error that is plain, in the search of the Cadillac.  Mr. Armstrong's argument is that the Cadillac was located in the curtilage of his property and that the search warrant did not provide that the law enforcement officers could search the curtilage or the automobiles on the property.  But, property generally does not have curtilage; instead, a home, house, or residence has curtilage.  *See Florida v. Jardines*,___U.S. ___, ___, 133 S. Ct. 1409, 1414 (2013) ("[T]he area 'immediately surrounding and associated with the home'—what [the Supreme Court] cases call the curtilage—[i]s 'part of the home itself for Fourth Amendment purposes.'").  Moreover, the search warrant was not limited to Mr. Armstrong's home, house, or residence, but instead permitted the agents to search the "property" at the described location, which under our circuit precedent is sufficient to support a search of a vehicle parked on the premises.  *See United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir. 1976)

---

[3] We review arguments not raised in a defendant's motion to suppress for plain error. *See United States v. Young*, 350 F.3d 1302, 1305 (11th Cir. 2003).  Under the plain-error standard, the defendant must demonstrate an error that was plain and affected his substantial rights, and which seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Richardson*, 304 F.3d 1061, 1064 (11th Cir. 2002).

(holding that a search warrant's reference to "the premises known as 3027 Napoleon Avenue" was sufficient to authorize a search of a vehicle parked in the driveway on those premises); *Brooks v. United States*, 416 F.2d 1044, 1050 (5th Cir. 1969) (holding that search warrant which "authorized the search of both the lot and the cabin" supported the search of an automobile which was parked in the lot). Thus, by authorizing the agents to search Mr. Armstrong's "property," the search warrant permitted them to search the Cadillac, which, it is undisputed, was located on the property described in the search warrant.

Accordingly, we cannot say that the district court erred, plainly or otherwise, in denying the motion to suppress.

## II.  Ineffective Assistance of Counsel

Next, Mr. Armstrong argues that his trial counsel was ineffective in failing to argue that the search warrant did not authorize a search of the Cadillac.  We generally do not consider claims of ineffective assistance of trial counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record.  *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Rather, such claims are preferably raised in motions to vacate pursuant to 28 U.S.C. § 2255.  *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Nonetheless, we may consider ineffective-assistance claims on direct appeal if the

7

record is sufficiently developed. *See United States v. Costa*, 691 F.2d 1358, 1363-64 (11th Cir. 1982).

In order to establish a claim of ineffective assistance, the defendant must demonstrate that his attorney rendered deficient performance, meaning that the attorney's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In order to overcome the presumption that counsel rendered reasonable and adequate assistance, the defendant must establish that no competent counsel would have taken the action that his counsel took. *See Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Moreover, counsel's deficient performance must have been prejudicial. *See Strickland*, 466 U.S. at 691-92. This requires the defendant to demonstrate that a reasonable probability exists that the result of the proceedings would have been different but for counsel's deficient performance. *Id*. at 694.

Here, the record establishes that the claim Mr. Armstrong raises on appeal (and the one he says trial counsel should have raised) is meritless, even without resort to the plain-error rule. As a result, reasonable counsel could have declined to raise this argument. Thus, we cannot say that Mr. Armstrong's trial counsel rendered deficient performance in failing to raise this argument in the motion to

suppress, and therefore, Armstrong did not receive ineffective assistance of counsel.[4]

### III.  Sentencing

Mr. Armstrong argues that his criminal history category III overstated his applicable criminal conduct and that the district court should have sentenced him in line with his prior criminal conduct.  He does not contend that the district court erred procedurally in calculating his criminal history category, yet his argument otherwise is not entirely clear as he fails to cite any Guidelines provisions or any 18 U.S.C. § 3553(a) factors.

Mr. Armstrong requested a "guided departure" before the district court, and his arguments before the district court and on appeal parallel U.S.S.G. § 4A1.3(b)(1)'s provisions.  Moreover, Mr. Armstrong's requests for sentencing under criminal history category II—despite his own concession that the district court correctly calculated a criminal history category III—suggest that he sought a departure, a conclusion that is further buttressed by the fact that he only addressed the § 3553(a) factors at sentencing <u>after</u> arguing that criminal history category III

---

[4] We do not and need not address the prejudice prong of *Strickland*.  *See Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) ("[B]ecause both parts of the [*Strickland*] test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa.").

overstated his criminal history. Thus, we take his argument to be that the district court erred in not giving him a downward departure under U.S.S.G. § 4A1.3(b)(1), which permits a district court to impose a downward departure from a defendant's Guidelines range if the defendant's criminal history category substantially over represents the seriousness of his criminal history or the likelihood of recidivism. Nonetheless, we do not have jurisdiction to review the district court's refusal to impose a downward departure, unless the district court misapprehended its authority to depart, which we find no support for in this record. *See United States v. Winingear*, 422 F.3d 1241, 1245-46 (11th Cir. 2005).

Alternatively, if we treat Armstrong's argument as one of substantive reasonableness, as the government did in its responsive brief, we cannot say that the district court abused its discretion in imposing the within guidelines' sentence of 190 months' imprisonment after it stated that it considered all of the § 3553(a) factors.

## IV. Conclusion

Mr. Armstrong's convictions and sentence are affirmed.

**AFFIRMED.**