[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10582
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20652-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEWIS MORGAN,
a.k.a. Albert Johnson,
a.k.a. Arthur Wilson,
a.k.a. Edward Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 24, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Morgan appeals his convictions, entered upon a conditional guilty plea, for conspiracy to import flakka, in violation of 21 U.S.C. § 963; aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A).  He makes several arguments claiming that the district court erred in denying his motion to suppress evidence.  After careful consideration of the parties' briefs and the record, we affirm.

As an initial matter, Morgan's conditional guilty plea waived several of his arguments on appeal.  We review de novo whether a guilty plea waives the ability to appeal the rulings on a particular pre-trial motion.  *United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003).  "Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."  *Id*. at 1320.  In order to preserve a non-jurisdictional challenge, a defendant may enter a conditional plea that reserves the right to have an appellate court review an adverse determination of a specified pretrial motion.  Fed. R. Crim. P. 11(a)(2).  A challenge to a district court's refusal to suppress evidence is non-jurisdictional. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973) (per curiam).[1]  Thus, the challenge is waived if not preserved in a conditional plea.  *See, e.g.*, *United*

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

*States v. Wai-Keung*, 115 F.3d 874, 877 (11th Cir. 1997) (per curiam) (declining to discuss a suppression issue where it was not one of the grounds upon which appellant was granted leave to appeal after pleading guilty).

Here, several of Morgan's arguments are outside the scope of his conditional plea agreement. Morgan reserved the right to challenge the district court's denial of his motion to suppress evidence on two limited grounds: (1) that the fourteen false Florida driver licenses were not lawfully discovered by law enforcement and (2) that law enforcement unreasonably delayed obtaining a warrant to search Morgan's cellular telephone. His arguments regarding the seizure of the cellphone, the legality of his arrest, and the legality of his statements do not have any relation to either ground reserved by the plea, and thus they were waived. Similarly, Morgan waived his argument regarding his girlfriend's consent because it is entirely different from the argument he made in the district court. *See id*.; *see also United States v. Armstrong*, 546 F. App'x 936, 939 (11th Cir. 2013) (per curiam) (unpublished) ("[T]he specific argument that Mr. Armstrong raises on appeal regarding the search of the Cadillac is not the argument he made in the district court regarding the motion to suppress and thus, we cannot consider it.").

Accordingly, we only consider Morgan's argument that the government acted unreasonably and thus violated the Fourth Amendment when it took

3

seventeen days to obtain a search warrant while holding Morgan's cellphone based on probable cause.[2]

"We review a district court's denial of a motion to suppress evidence as a mixed question of law and fact, with rulings of law reviewed de novo and findings of fact reviewed for clear error, in the light most favorable to the prevailing party in district court." *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007).

"A temporary warrantless seizure supported by probable cause is reasonable as long as 'the police diligently obtained a warrant in a reasonable period of time.'" *United States v. Laist*, 702 F.3d 608, 613 (11th Cir. 2012) (quoting *Illinois v. McArthur*, 531 U.S. 326, 334, 121 S. Ct. 946, 951–52 (2001)).  To determine if the intrusion was reasonable under the Fourth Amendment, courts must evaluate the totality of the circumstances presented in each case, balancing the privacy-related and law-enforcement-related concerns.  *Id.*  Notably, a defendant's admission that his property contains contraband enhances the government's legitimate interest in maintaining custody of the property as substantial evidence of a serious federal crime.  *See id.* at 616.

In balancing the competing interests to determine the reasonableness of the government's actions, we must also consider whether the government diligently

---

[2] Morgan, in his conditional plea, reserved the right to challenge the district court's denial of his motion to suppress the contents of his cellphone on the limited grounds that the government unreasonably delayed *obtaining* a warrant to search the cellphone.  Thus, Morgan cannot challenge the denial based on a delay in *execution* of the warrant.

pursued their investigation.  *Id.* at 614; *see also United States v. Place*, 462 U.S. 696, 709, 103 S. Ct. 2637, 2645 (1983).  Relevant factors in this inquiry include the nature and complexity of the investigation, whether circumstances arose that required the diversion of government personnel, the amount of time we expect such a warrant would take to prepare, and any other evidence proving or disproving law enforcement's diligence in obtaining the warrant.  *Laist*, 702 F.3d at 614.

Here, there is no doubt that Morgan retained a possessory interest in his cellphone.  The interference with his possessory interest was substantial, as the government held his cellphone for seventeen days without his consent.

But Morgan's interest in the cellphone was diminished for several reasons. He admitted that the cellphone had been used to conduct illegal activity and had evidence of that activity on it.  Morgan also admitted that he allowed another individual to use the cellphone to conduct illegal activity.  These facts both reduce Morgan's interest and enhance the government's legitimate interest in keeping the cellphone as substantial evidence of a serious federal crime.  *See id.* at 616. Additionally, there is no evidence that Morgan ever asked for the cellphone to be returned.  *See United States v. Johns,* 469 U.S. 478, 487, 105 S. Ct. 881, 887 (1985) (stating that failing to request return of seized property undermined the argument that a delay adversely affected Fourth Amendment rights).

Further, the government diligently pursued the investigation.  Agent Acosta began drafting the search warrant the first day after seizing the evidence.  Though Acosta was leaving town on another work assignment, he did not delay the warrant signing until his return.  Rather, he enlisted another agent to present the warrant to the magistrate judge and a third agent to deliver the evidence to the forensic analyst.  This weighs in favor of the government's reasonableness.  *See United States v. Mitchell*, 565 F.3d 1347, 1352–53 (11th Cir. 2009) ("[I]f the assistance of another law enforcement officer had been sought, we would have been sympathetic to an argument that some delay in obtaining that assistance was reasonable.").

As the balance of interests weighs in favor of the government, and the government diligently pursued the investigation, the totality of the circumstances in this case confirms the district court's conclusion that the government's actions were reasonable.  Accordingly, we affirm.

**AFFIRMED.**