[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11903
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20652-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEWIS MORGAN,
a.k.a. Albert Johnson,
a.k.a. Arthur Wilson,
a.k.a. Edward Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2019)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In November 2016, Robert Lewis Morgan pled guilty to three crimes: conspiracy to import alpha-pyrrolidinopentiophenone (Flakka) in violation of 21 U.S.C. § 963, aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1), and money laundering in violation of 18 U.S.C. § 1956(a)(2)(A).  In connection with his pleas, Morgan signed a written factual proffer that detailed the facts supporting his guilt.

Before sentencing, and after retaining a new attorney, Morgan moved to withdraw his guilty pleas.  He claimed that his former counsel ineffectively represented him and that his earlier pleas were not knowing and voluntary.  In January 2017, the district denied his motion and sentenced Morgan to 175 months' imprisonment.  Morgan then appealed to this court, and we affirmed his conviction.  *See United States v. Morgan*, 713 F. App'x 829 (11th Cir. 2017) (per curiam).

After our decision, Morgan began efforts to collaterally challenge his 2016 convictions.[1]  In October 2018, he filed a pro se "Motion for Relief" under Federal Rule of Civil Procedure 60(b)(6) and again asked to withdraw his guilty pleas.  To support his motion, Morgan argued that he was "actually" and "factually" innocent of the charges to which he pled guilty and that his guilty pleas were not knowing or

---

[1] Morgan also brought an action under 28 U.S.C. § 2255, but the district court administratively closed that case pending resolution of Morgan's appeals to this court, including this present appeal from his criminal case.

voluntary. Specifically, Morgan contended that there was insufficient evidence to convict him of conspiracy to import Flakka and aggravated identify theft because the government proved neither that he knew Flakka was a controlled substance nor that he knew that "the identification information on the fraudulent drivers licenses belonged to an actual person."

In February 2019, Morgan filed another pro se motion, this time asking the district court to reconsider its January 2017 order denying him leave to withdraw his guilty pleas. He argued that he had newly discovered evidence showing that the district court had not considered well-established "rules and constitutional laws" at the time it issued its order. Among the "rules and constitutional laws" he wished the district court to consider were provisions of the Federal Rules of Criminal Procedure, the statute concerning controlled-substance analogues (21 U.S.C. § 813), and several cases issued prior to his November 2016 guilty pleas. In Morgan's view, these cases and statutes demonstrated that the government had not met its burden of proof on either the conspiracy-to-import or the aggravated-identity-theft charges, and furthermore supported his earlier claims that his attorney was ineffective. He was unable to provide this information earlier because, allegedly, his first attorney did not provide him a copy of the district court's denial of his motion to withdraw his pleas, and he did not have access to prison library computers.

3

In May 2019, the district court entered two orders denying both motions. As to his February 2019 motion, the district court found that the new information Morgan identified was not "newly discovered evidence," that Morgan's claims of factual innocence were not proper subjects for a motion for reconsideration, and that Morgan's factual proffer established that he knew that Flakka was a controlled substance and that he knew he used the means of identification of actual persons. The district court also found that his claims concerning ineffective assistance of counsel were improperly raised because it had already deemed them meritless. Last, the district court also ruled that the Rule 60(b) motion was improper as Rule 60 is a civil procedural rule, not a criminal one.

This case is his pro se appeal of the district court's May 2019 orders. We review a district court's denial of a motion for reconsideration in a criminal action for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). Motions for reconsideration may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th

4

Cir. 2009). In particular, "[t]his prohibition includes new arguments that were previously available, but not pressed." *Id.* (internal quotation mark omitted).

Because Morgan did not raise the district court's denial of his October 2018 Rule 60(b) motion in his initial brief, Morgan has abandoned any challenge to that ruling. *See United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (per curiam). But even if he had addressed that motion, his claim would be meritless as we have specifically held that Rule 60(b) does not provide relief in criminal cases. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam).

As for the February 2019 motion for reconsideration, Morgan has failed to show an abuse of discretion in the district court's denial of relief. Though Morgan cited several authorities, those authorities are not "newly discovered evidence." Rather, those authorities constituted information newly available to Morgan. And—as the district court noted—newly discovered evidence is not the same as newly available information. Regardless, none of the cases Morgan cited in his motion for reconsideration were decided after the January 2018 ruling, and he did not argue that any of the cited statutes or rules underwent material changes in the time since.

Furthermore, the district court did not abuse its discretion in dismissing Morgan's new "factual innocence" claims as they are arguments that "could have been raised prior to the entry of judgment" and, therefore, not the proper subject of

5

a motion for reconsideration.  *See Wilchombe*, 555 F.3d at 957.  In any event, we agree with the district court that these arguments are meritless because Morgan's signed factual proffer stipulated that he knew Flakka was a controlled substance and that he knew that he used the means of identification of actual persons.

Finally, as Morgan merely rehashed ineffective-assistance-of-counsel arguments already deemed meritless by the district court, they too were properly rejected.

In sum, Morgan has failed to show that the district court abused its discretion when denying his motions.  Accordingly, the orders of the district court denying Morgan's motions are

**AFFIRMED.**