[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14254

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAREN BERNARD RAZZ, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80082-RAR-1

_____

Before LAGOA, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Daren Bernard Razz, III, appeals his convictions and sentences for two counts of Hobbs Act robbery and one count of carrying a firearm during a crime of violence. On appeal, Razz argues that the government violated his statutory and constitutional rights to a speedy trial. In response, the government moves for summary affirmance and to stay the briefing schedule, arguing that Razz does not contest the district court's jurisdiction and he entered into an unconditional plea agreement, and, thus, we should not consider his Speedy Trial Act arguments. After careful review, we grant the government's motion for summary affirmance and deny the motion to stay the briefing schedule.

I.

The relevant background is this. Following the government's filing of a criminal complaint in August 2020, the grand jury formally charged Razz in December 2020, with one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) ("Count 1"); seven counts of Hobbs Act robbery, *id.* §§ 2, 1951(a) ("Counts 2–8"); two counts of attempted Hobbs Act robbery, *id.* §§ 2, 1951(a), ("Counts 9–10); nine counts of possession of a firearm in furtherance of a crime of violence, *id.* §§ 2, 924(c)(1)(A), ("Counts 11–19"); and one count of being a felon in possession of a firearm, *id.* §§ 2, 922(g)(1) ("Count 20"). Razz initially pled not guilty to the

charges and later moved to dismiss the indictment for speedy trial violations under, *inter alia*, the Speedy Trial Act.[1]  The district court denied the motion.

Shortly thereafter, Razz agreed to plead guilty to three counts of conviction pursuant to a written agreement.  The district court conducted a change of plea hearing, accepted Razz's plea, found him guilty of Counts 7, 8, and 19, and ultimately dismissed the remaining counts.  The district court then sentenced Razz to a total of 163 months' imprisonment, followed by 3 years of supervised release.

This timely appeal follows.

## II.

Summary disposition is appropriate where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]  A motion for summary affirmance or summary reversal shall postpone the due date for the filing of any remaining brief until we rule on the motion.  11th Cir. R. 31-1(c).

---

[1] The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74 ("Speedy Trial Act").

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

When appropriate, we review the denial of a motion to dismiss an indictment for a violation of the Speedy Trial Act for abuse of discretion. *United States v. Carter*, 603 F.2d 1204, 1207 (5th Cir. 1979). We will consider whether a defendant's constitutional right to a speedy trial had been violated as a mixed question of law and fact, reviewing questions of law *de novo* and questions of fact under the clearly erroneous standard. *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996). We review the denial of a motion to dismiss an indictment on non-constitutional grounds for abuse of discretion. *United States v. Pielago*, 135 F.3d 703, 707 (11th Cir. 1993). Arguments not raised in an initial brief are abandoned, however. *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings. *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). A speedy trial claim is a nonjurisdictional challenge. *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). If a defendant wishes to preserve a nonjurisdictional ground for appeal, such as a speedy trial claim, he has to enter a conditional guilty plea in accordance with Fed. R. Crim. P. 11(a)(2). *Id.* A conditional guilty plea needs to be consented to by the district court and the government. *Id.*

Under Rule 11, before a court can accept a guilty plea, it must inform the defendant of his rights should he plead not guilty, the nature of the charges against him, the potential penalties, and the court's obligation to calculate his advisory guideline range. *See*

Fed. R. Crim. P. 11(b)(1)(B)–(E), (G)–(M).  The court must also explain that a guilty plea waives the defendant's trial rights and ensure that the plea is entered voluntarily and is supported by a sufficient factual basis.  *See* Fed. R. Crim. P. 11(b)(1)(F), (b)(2)–(3).  Further, the court must explain that the defendant can be prosecuted for perjury for testifying falsely under oath.  *See* Fed. R. Crim. P. 11(b)(1)(A).

In evaluating whether a Rule 11 error substantially has affected a defendant's rights, we have examined Rule 11's three "core principles," which are ensuring that: (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the direct consequences of the guilty plea.  *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018).  As for the first core principle, Rule 11(b)(2) elaborates that the court must ensure that the plea did not result from force, threats, or promises not included in the plea agreement.  Fed. R. Crim. P. 11(b)(2).  Whether the court has complied with the second core principle depends on a variety of factors, including the complexity of the offense and the defendant's intelligence and sophistication.  *Presendieu*, 880 F.3d at 1238–39.  To comply with the third core principle, the district court must inform the defendant of the rights that he gives up by pleading guilty, the court's authority to impose certain punishments, and the possibility of a perjury prosecution for false statements during the plea colloquy.  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); *see also* Fed. R. Crim. P. 11(b)(1).

Ultimately, to show that an unpreserved Rule 11 error affects substantial rights, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (explaining that the *Dominguez Benitez* requirement is a way to show the third prong of the plain error test). We've indicated that, for Rule 11 error to substantially prejudice a defendant's rights, it must be tantamount to the district court's "total or almost total failure to address a Rule 11 core concern," as distinct from a situation in which the court "adequately addressed the three core concerns but slipped up and failed to cover explicitly one item in the Rule 11 list." *United States v. Monroe*, 353 F.3d 1346, 1355 (11th Cir. 2003) (quotations omitted). If an error committed during a plea colloquy does not affect one of Rule 11's core principles, and it is clear that the defendant understands the plea and its consequences, any error is harmless. *United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998).

## III.

We grant the government's motion for summary affirmance. As an initial matter, Razz does not expressly challenge the validity of his guilty plea on appeal, so he arguably has abandoned any argument in that respect. *Sapuppo*, 739 F.3d at 680. However, even if his challenge is implicitly preserved, it still fails. As the record reflects, the district court complied with the first core principle of Rule 11 by confirming that Razz's guilty plea was free from

coercion. *Presendieu*, 880 F.3d at 1238. Specifically, Razz agreed that his plea had not been induced by any threats or promises, that he was satisfied with his trial counsel's representation, and that he had committed the acts stated in the factual basis for the plea. Thus, there was no indication of coercion in the record.

Moreover, the district court confirmed that Razz understood the nature of the charges against him. *Id.* He confirmed that he could read and write and had read and understood the charges against him. He also confirmed that he was not under the influence of any drugs or medication and did not suffer from mental illness. The district court explained to him the charges in the indictment and the elements thereof, and he confirmed that he understood them. Further, the factual basis the government recited was accurate. Therefore, the colloquy demonstrated that Razz understood the nature of the charges against him.

The district court also confirmed that Razz understood the consequences of his guilty plea. *Id.* He admitted that he understood the punishments he could face. The district court informed him of the collateral consequences of a felony conviction, the possibility of restitution, and that any statements he made during the colloquy could be used against him in a future prosecution for perjury or making a false statement. The district court added that: (i) he had the right to plead not guilty and (ii) the right to a trial by jury, (iii) the government would have to prove his guilt beyond a reasonable doubt, (iv) he had the right to counsel at trial, (v) he could cross-examine witnesses and call his own witnesses, (vi) he

could testify or not testify at trial, and (vii) if he chose not to testify that choice could not be used against him. Further, even if the district court had omitted things in its colloquy, he would not be able to show that but for that error, he would not have pled guilty. *Dominguez Benitez*, 542 U.S. at 83; *see Monroe*, 353 F.3d at 1355. On this record, Razz's plea was knowing, voluntary, and valid.

Because Razz entered a valid guilty plea, he waived all non-jurisdictional arguments on appeal. *Patti*, 337 F.3d at 1320. As we've said, a speedy trial challenge is a nonjurisdictional argument. *Pierre*, 120 F.3d at 1155. Nor is there any evidence in the record showing his plea agreement was a conditional plea. *See id.* Thus, Razz waived his speedy trial arguments, and we affirm based on that waiver.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and DENY its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c). *Groendyke Transp., Inc.*, 406 F.2d at 1162.