[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14299

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRES CAMILO RUIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cr-60223-RKA-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Andres Camilo Ruiz appeals his convictions for production of child pornography, attempted production of child pornography, enticement of a minor, distribution of child pornography, and child pornography. On appeal, he argues that the district court erred in denying his motion to suppress certain evidence. The government, in turn, moves for summary affirmance and to stay the briefing schedule, arguing that Ruiz waived his right to challenge any pre-plea defects, including the district court's suppression ruling, by entering into an unconditional guilty plea.

## I.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] Under this Court's local rules, a motion for summary affirmance shall postpone the due date for the filing of any remaining brief until we rule on such a motion. 11th Cir. R. 31-1(c).

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit issued prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, Ala., 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

A voluntary, unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea. *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). If a defendant wishes to preserve a non-jurisdictional ground for appeal, he must enter a conditional plea in accordance with Fed. R. Crim. P. 11(a)(2). *Pierre*, 120 F.3d at 1155. A conditional plea needs to be consented to by the district court and the government. *Id.* Of note, a district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea. *United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014); *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).

Moreover, an appellant abandons a claim where he makes it only by passing reference or in a perfunctory manner without authority or argument in support. *United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020).

Under Rule 11, before a court can accept a guilty plea, it must inform the defendant of his rights should he plead not guilty, the nature of the charges against him, the potential penalties, and the court's obligation to calculate his advisory guideline range. *See* Fed. R. Crim. P. 11(b)(1)(B)–(E), (G)–(M). The court must also explain that a guilty plea waives the defendant's trial rights and ensure that the plea is entered voluntarily and is supported by an adequate factual basis. *See* Fed. R. Crim. P. 11(b)(1)(F), (b)(2)–(3). Further, the court must explain that the defendant can be prosecuted for perjury for testifying falsely under oath. *See* Fed. R. Crim. P. 11(b)(1)(A).

In evaluating whether a Rule 11 error substantially has affected a defendant's rights, we have examined Rule 11's three "core principles," which are ensuring that: (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the direct consequences of the guilty plea. *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018). Regarding the first core principle, Rule 11(b)(2) elaborates that the court must ensure that the plea did not result from force, threats, or promises not included in the plea agreement. Fed. R. Crim. P. 11(b)(2). Whether the court has complied with the second core principle depends on a variety of factors, including the complexity of the offense and the defendant's intelligence and sophistication. *Presendieu*, 880 F.3d at 1238–39. To comply with the third core principle, the district court must inform the defendant of the rights that he gives up by pleading guilty, the court's authority to impose certain punishments, and the possibility of a perjury prosecution for false statements during the plea colloquy. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); *see also* Fed. R. Crim. P. 11(b)(1).

Ultimately, to show that an unpreserved Rule 11 error affected substantial rights, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). We have indicated that, for Rule 11 error to substantially prejudice a defendant's rights, it must be tantamount to the district

court's "total or almost total failure to address a Rule 11 core concern," as distinct from a situation in which the court "adequately addressed the three core concerns but slipped up and failed to cover explicitly one item in the Rule 11 list." *United States v. Monroe*, 353 F.3d 1346, 1355 (11th Cir. 2003) (quotation marks omitted). If an error committed during a plea colloquy does not affect one of Rule 11's core principles, and it is clear that the defendant understands the plea and its consequences, any error is harmless. *United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998).

Here, we grant the government's motion for summary affirmance. As an initial matter, Ruiz does not expressly challenge the validity of his guilty plea in his initial brief, so he has abandoned any argument in this respect. *Smith*, 967 F.3d at 1204 n.5. However, even if he has implicitly preserved such a challenge, it still fails, because his plea was valid.

There is no indication that the district court committed any Rule 11 error. But even if it had, however, such an error was harmless, as it did not affect one of Rule 11's core principles, and the record is clear that Ruiz understood his plea and its consequences. *Jones*, 143 F.3d at 1420.

Next, there is no evidence in the record showing that his guilty plea was conditional. Because Ruiz entered a valid unconditional guilty plea, he waived all non-jurisdictional arguments on appeal. *Patti*, 337 F.3d at 1320. And a suppression challenge is a non-jurisdictional argument. *Charles*, 757 F.3d at 1227 n.4; *McCoy*, 477 F.2d at 551. Therefore, Ruiz has waived his motion to suppress

arguments, and we affirm the decision of the district court based on that waiver. *Patti*, 337 F.3d at 1320.[2]

Finally, we note that Ruiz, in reply, has requested leave to file a second brief on appeal. Our "longstanding case law rule," subject to exceptions not at issue here, is that an appellant who does not raise an issue in his opening brief may not do so in a supplemental brief. *United States v. Durham*, 795 F.3d 1329, 1330-31 (11th Cir. 2015) (en banc); 11th Cir. R. 28-1 I.O.P.5. Accordingly, and because Ruiz does not identify a claim he could raise for the first time in a supplemental brief, we deny Ruiz's request.

In sum, the government's position is clearly correct as a matter of law, so we **GRANT** its motion for summary affirmance, **DENY** its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c). *Groendyke Transp., Inc.*, 406 F.2d at 1162. We also **DENY** Ruiz's request for leave to file a second appellate brief.

---

[2] In his reply, Ruiz raises, as an argument against holding him to his waiver, the ineffectiveness of his counsel. Assuming such a claim would justify withdrawal of Ruiz's guilty plea, he did not seek to do so below, nor did he allege ineffective assistance during the district court proceedings. Likewise, because he did not mention that in his initial brief, it is abandoned. *Smith*, 967 F.3d at 1204 n.5. In any event, we have stated that the "preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation marks omitted); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, we decline to address reach this point, for the preceding reasons.

AFFIRMED.