[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10792

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMIE CRUZ DUARTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cr-00313-TWT-1

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Jamie Cruz Duarte appeals his sentence of 235 months' imprisonment for possession with intent to distribute methamphetamine. The government moves to dismiss Cruz Duarte's appeal based on the appeal waiver in his plea agreement. After careful review, we dismiss the appeal.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review *de novo* whether a defendant knowingly and voluntarily waived his right to appeal his sentence. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

Plea agreements "are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). A sentence appeal waiver found in a plea agreement will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver). The touchstone for assessing this

question is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). So, we've concluded that an appeal waiver was enforceable when the waiver was referenced during the plea colloquy and the defendant confirmed that she understood the provision and had entered into it freely and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1323–24, 1333 (11th Cir. 2001). "There is a strong presumption that the statements made during [a plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

An appeal waiver may include a waiver to appeal difficult legal issues, debatable legal issues, or even blatant error. *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999). "[A] vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver." *United States v. Bascomb*, 451 F.3d 1292, 1296–97 (11th Cir. 2006).

Appeal waivers "must stand or fall with the agreements of which they are a part." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (quotations omitted). Thus, if a plea is voluntary and complies with Rule 11, a waiver of appeals challenging that plea must be given effect. *Id*. But, if a plea is involuntary or unintelligent, an appeal waiver is unenforceable and the defendant is entitled to appeal. *Id*. To enter a guilty plea intelligently, the defendant must appreciate the nature and consequences of his plea. *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995).

In *United States v. Pierre*, we held that, because the defendant entered and the district court accepted a guilty plea only on the reasonable but mistaken belief that the defendant had preserved a speedy trial issue for appeal, the plea was, as a matter of law, not knowing and voluntary. 120 F.3d 1153 (11th Cir. 1997). There, the district court had told the defendant that he could "plead guilty and preserve these legal issues [for appeal]," to which the defendant's counsel responded, "As long as my client is assured by the court, which you have done, that these issues are protected for purposes of appeal . . . he is entering a plea." *Id*. at 1155 (quotations omitted). On this record, we said the plea colloquy "unequivocally" indicated that the defendant pleaded guilty only after the court reassured him that he'd preserved the speedy trial issue for appeal. *Id*. We thus concluded that the defendant could not have understood the consequences at the time of his plea because he misunderstood whether the speedy trial issue was preserved. *Id*. at 1157.

Here, Cruz Duarte raised one issue in his brief on appeal -- whether the district court clearly erred in determining that he possessed a firearm in connection with his offense and in overruling his objection to the application of the related two-level enhancement pursuant to U.S. Sentencing Guideline § 2D1.1(b)(1). In response, the government has moved to dismiss Cruz Duarte's appeal because of the binding appeal waiver in the plea agreement. Cruz Duarte opposes the government's motion, arguing that his guilty plea should be vacated, including the appeal waiver, because he pleaded guilty under the misconception that he would not be held accountable for the firearm discovered in the investigation.

We disagree.  For starters, the record reflects that Cruz Duarte knowingly and voluntarily waived his right to appeal his sentence.  *See Bushert*, 997 F.2d at 1351.  At the change-of-plea hearing, the court specifically questioned Cruz Duarte about the terms of the appeal waiver and asked the government to summarize the plea agreement, including the appeal waiver provision precluding Cruz Duarte from appealing in most circumstances.  The court then explained that Cruz Duarte could only appeal his sentence on three limited grounds -- if the sentence exceeded the guideline range as determined by the court, if the government appealed, or if he claimed ineffective assistance of counsel.  Cruz Duarte confirmed that he understood everything the court explained about the waiver, that he had discussed it with his attorney, and that it was his decision to waive his right to appeal.

The court also asked, and Cruz Duarte confirmed, that he discussed the plea agreement with his attorney, that he understood the plea and its consequences, that he did not have any questions about it, that he was not induced to plead guilty by any promises or agreements, and that he signed it.  Cruz Duarte acknowledged that the court could sentence him up to the statutory maximum and that he was waiving his right to appeal his sentence on virtually all grounds, including if his sentence was more severe than expected or if the court calculated his guideline range differently than the parties expected.  Thus, as in *Boyd*, the court clearly conveyed to Cruz Duarte that he was waiving his right to appeal in most circumstances.  *See* 975 F.3d at 1192.

Moreover, none of the exceptions to the appeal waiver apply to Cruz Duarte's appeal.  Cruz Duarte's 235-month imprisonment sentence was within the guideline range of 235 to 293 months that the district court calculated at sentencing.  The government also has not appealed.  And although Cruz Duarte's attorney has filed a motion to withdraw on the basis that Cruz Duarte was interested in appealing on the basis of ineffective assistance of counsel, Cruz Duarte has not raised that argument on appeal.  Therefore, none of the exceptions within the appeal waiver apply to this appeal.  *See Howle*, 166 F.3d at 1169; *Bascomb*, 451 F.3d at 1296-97.

Because Cruz Duarte's plea was knowing and voluntary and none of the exceptions to the appeal waiver apply, we do not reach the merits of Cruz Duarte's claim that the court clearly erred in finding that he possessed a firearm in conjunction with his offense. Cruz Duarte seeks to overcome the appeal waiver by analogizing his situation to the one in *Pierre* -- where we vacated a defendant's guilty plea because it was clear that he did not understand that it was unconditional -- but *Pierre* is distinguishable.  In *Pierre*, the district court expressly told the defendant at the plea colloquy that he could preserve a speedy trial issue for appeal and the defendant pleaded guilty only after stating that he was reassured by the court that the issue was preserved.

Here, however, Cruz Duarte was never told that the firearm enhancement would not apply to him.  Indeed, when the factual proffer in his plea agreement laid out the facts of the case, it mentioned that a semi-automatic Sig Sauer STC handgun had been

found during a search of Cruz Duarte's residence, and although it said that the partial prints on the firearm did not have similarities with Cruz Duarte's, it did not say the firearm would not be attributed to him. Further, the district court did not tell Cruz Duarte that he would not be subject to the firearm enhancement; to the contrary, the court expressly warned him that it could calculate his guideline range differently than expected and his sentence could be more severe than expected. Notably, Cruz Duarte did not object to or dispute anything in the factual proffer or anything the court told him about sentencing; the court did not make any statements about the firearm enhancement or any additional statements about the factual basis for his offense at the plea hearing; and Cruz Duarte never moved to withdraw his plea in the district court.

In short, there is no basis to conclude that Cruz Duarte's appeal waiver is invalid because he did not knowingly and voluntarily enter his guilty plea, nor does any exception to the appeal waiver apply. Accordingly, we grant the government's motion to dismiss.

**GRANTED.**